UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JERRY D. BOYD, | ) |
|          Petitioner, | ) |
| vs. | ) Case No. 2:12-cv-307-WTL-WGH |
| RICHARD BROWN, | ) |
|          Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus
And Directing Entry of Final Judgment**

The petition of Jerry Boyd for a writ of habeas corpus challenges a prison disciplinary proceeding identified as case number BTC 12-02-0166. For the reasons explained in this Entry, Boyd's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

### B. The Disciplinary Proceeding

On February 8, 2012, Internal Affairs Investigator Hendershot wrote a report of conduct ("conduct report") charging Boyd with Class A offense 100, violation of the law, specifically, obstruction of justice in violation of Indiana Code § 35-44-3-4. Ex. A. The conduct report stated:

> On 1/29/2012 Offender Jerry Boyd #993675 obstructed justice when he assaulted an officer in the dormitory. The officer was in the process of taking control of a blue sock cap containing an unknown object when Offender Boyd assaulted the officer and then jumped over a cube wall to flee from the officer. During this process the blue sock cap with unknown object inside disappeared and could not be used for evidence in this case.
>
> IC #35-44-3-4- states: obstruction of justice #3) a person who alters, damages, or removes any record, document, or thing with intent to prevent it from being produced or used as evidence in any official proceeding or investigation.

Dkt. 17-1. Investigator Hendershot also wrote a report of investigation of incident:

> An investigation was conducted between the dates of 1/30/2012 and 2/8/2012 involving Offender Jerry Boyd #993675.
>
> On 1/29/2012 Offender Jerry Boyd was found by an officer in the dorm sitting on the floor in cube 10. He was off sides at the time. The officer observed the offender placing an object into a blue sock cap. The officer approached him and ordered him to remain on the floor. The offender ignored the order and rose from the floor. The offender then struck the officer in the face and then jumped over the wall into cube 11 where he tried to flee. The offender was apprehended by another officer who cuffed him and had him escorted to segregation. When the first officer went back to retrieve the blue sock cap and object hidden inside they were both gone.
>
> Based on the fact that the evidence disappeared when the offender chose to flee from the officer I will be issuing this offender a 100A conduct report for obstruction of justice.

Dkt. 17-2.

Boyd was notified of the charge when he was served with the conduct report and the notice of disciplinary hearing ("screening report"). Boyd was notified of his rights, pled not guilty and declined a lay advocate. However, Boyd did request witness statements from Officers

2

Shreve, Richard, and Rau and the officers that escorted him to segregation. Boyd also requested the sock cap for physical evidence and a review of the video from January 29, 2012, B-Dorm. The witness statements were submitted to the hearing officer. The video surveillance was reviewed and summarized. Dkt. 17-13.

The disciplinary hearing was conducted on February 17, 2012, and the hearing officer found Boyd guilty of Class A offense # 100, violation of law specifically obstruction of justice in violation of Indiana Code § 35-44-3-4. Dkt. 17-14. The sanctions recommended and approved were an earned credit-time deprivation of 365 days and 365 days in disciplinary segregation. *Id.* In making this determination, the Hearing Officer relied on the staff reports, "I.A. case report 12-BTC-015" and Boyd's statement:

> I never possessed any evidence to damage or remove with intent from it from being produced or used as evidence. I have all ready (sic) been found guilty of a 117-A assault on staff. This is stacking charges for the same incident. I never had anything in my hands when I came to Officer Rau.

*Id.* Boyd appealed unsuccessfully. The present action ensued.

**C. Analysis**

Boyd seeks relief in his petition for writ of habeas corpus on a variety of grounds.

First, Boyd seeks relief on the basis that the "hearing held were (sic) retaliatory and not conducted in impartial manner." Petition p. 4. But there is no evidence to support this claim. The fact that Boyd does not agree with the finding of guilt does not mean the Hearing Officer was not impartial. *Wolff,* 418 U.S. at 571 (explaining that a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process); *Brown v. Carpenter,* 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot

bootstrap a frivolous complaint with a conclusory allegation of retaliation."). In addition, Boyd's claim that he was denied a full, impartial hearing because it was conducted by only one person rather than a tribunal is without merit. *Wolff* requires one impartial decision maker; not more than one. "Adjudicators are entitled to a presumption of honesty and integrity," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003), without regard to whether they work alone or in groups. The number of judges simply has no bearing on whether Boyd was afforded a full, impartial hearing. Therefore, Boyd has not demonstrated that he is entitled to habeas corpus relief on the basis that he was denied an impartial decision maker.

Second, Boyd argues that the sanctions imposed were excessive. Specifically, he alleges that he was sentenced to double the maximum allowable deprivation of earned credit time as outlined by the Department of Correction's Adult Disciplinary Procedures. This claim, based on the alleged violation of prison policy does not implicate federal law and thus can not support a claim under § 2254. *Keller v. Donahue*, 271 Fed. Appx. 531, 532, 2008 WL 822255, *1 (7th Cir. 2008) (*citing Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Evans v. McBride*, 94 F.3d 1062, 1064 (7th Cir. 1996); *Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994)). In addition, the severity of the sanction imposed is ordinarily not cognizable in an action such as this, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Boyd is not entitled to habeas corpus relief on the basis that the sanctions imposed were excessive.

Third, Boyd's claims based on his placement in disciplinary segregation and the conditions of his confinement do not entitle him to any relief. The choice to house an inmate in segregation rather than with the general population affects the severity, not the duration, of confinement; an inmate in segregation is not "in custody" for purposes of § 2254 and cannot use habeas corpus to challenge the sanction. *Keller*, 271 Fed. Appx. at 532 (citing *Montgomery v.*

*Anderson,* 262 F.3d 641, 643–44 (7th Cir. 2001)). To the extent Boyd alleges that the conditions of his confinement violated his Eighth Amendment right to be free of cruel and unusual punishment he is not entitled to habeas relief, but could potentially pursue a claim under 42 U.S.C. § 1983.

Fourth, Boyd claims that there was insufficient evidence to find him guilty of obstruction of justice. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The conduct report states a detailed account of Boyd's actions and that he was the only offender that was part of this incident. Officer Rau saw Boyd cross over the wall of cube 10 into cube 11. When apprehended by Officer Rau, Boyd immediately complied with the cuff up orders. Additionally, the officers that searched Boyd before he was placed in segregation all verified that Boyd did not have anything on him that he was not supposed to have. Boyd argues that these statements and the video review show he was not guilty of obstruction of justice and that the Hearing Officer disregarded this exculpatory evidence. Boyd's argument is not supported by the record. The video recordings of cube 10 and cube 11 were viewed by the Court. See dkt. 42. Neither video contains exculpatory evidence. Accordingly, even if the hearing officer failed to consider this evidence (as Boyd claims) this failure is at most harmless error.

From the conduct report and report of investigation a reasonable hearing officer could conclude that Boyd did obstruct justice. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically

precludes any conclusion but the one reached by the disciplinary board."); *see also Jackson v. Carlson,* 707 F.2d 943, 948 (7th Cir. 1983) (finding hearsay statements sufficient to support disciplinary charges). The evidence reflects that Boyd was found by an officer sitting on the floor in cube 10. He was off sides at the time. The officer approached Boyd and saw Boyd place an unknown object into a blue sock cap. The officer ordered Boyd to stop and remain on the floor. Boyd ignored the order and rose from the floor. Boyd struck the officer in the face and then jumped over the wall into cube 11 where he tried to flee. When Boyd was apprehended he had nothing improper on his person nor did he have the sock cap. Under these circumstances, it was not unreasonable for the hearing officer to conclude that Boyd hid the sock cap during the time he hit the officer and fled. As a result, the sock cap and whatever was in it could not be located. Had Boyd followed the officers' instructions and remained seated, the officer could have confiscated the cap and whatever was in it. The fact that another inmate may have picked up the item after Boyd left the area is of no consequence. Boyd had the option to turn the cap and its contents over to the officer. He did not do so. Instead he took steps to obstruct the officer's ability to obtain the cap and whatever was in it.

Finally, Boyd asserts that the hearing officer violated his Fifth Amendment right to equal protection when the hearing officer punished him more harshly than other inmates who violated the same prison rule. See dkt. 39 at p. 8. In support, Boyd asserts that the sanctions imposed on him were double what was permitted under Department of Correction policy. But absent evidence that any disparity in punishment was based upon a suspect classification (like race or religion), punishing inmates differently for the same offense violates the Equal Protection clause only if there is no rational connection between the punishments and the offenses. *See Holman v. Page*, 95 F.3d 481, 486 (7th Cir. 1996). Boyd, however, has failed to show any evidence of the

circumstances involving the other prisoners' offenses and has failed to establish that the punishments imposed by the hearing officer were not rational. Accordingly, Boyd is not entitled to relief on this basis.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the disciplinary proceedings and there was no constitutional infirmity in the proceeding which entitles Boyd to the relief he seeks. Accordingly, Boyd's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/29/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY D. BOYD
#993675
WABASH VALLEY - CF
Electronic Service Participant -- Court Only

All Electronically Registered Counsel